## F. HEINZ ET AL. v. R. BRUECKMANN ET AL.

APPEAL BY DEFENDANTS FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued April 8, 1890—Decided May 5, 1890.

In a proceeding to enjoin the use of a specific label for bottled goods, the master having found that the label in use by the defendants was an imitation of that adopted by the plaintiffs by a prior use as their trademark, and that purchasers were liable to be deceived by such imitation, it was not error to confirm the report and award an injunction as recommended.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 209 January Term 1890, Sup. Ct.; court below, No. 885 June Term 1884, C. P. No. 3.

On August 8, 1884, Frederick Heinz and John Heinz, trading as F. & J. Heinz, filed a bill in equity against Reinhard Brueckmann and Robert Lauterjung, trading as Brueckmann & Co., averring:

Statement of Facts.

That the plaintiffs, of Pittsburgh, Pa., adopted in 1883, and had ever since continued to use, as a trade-mark for their picklings of chow chow, mixed pickles, onions, cauliflowers, gherkins and the like, a certain lithographed design, exhibit A of the bill; that all their bottles had labels upon them with said design printed thereon in colors, and that the said label, design, or trade-mark belonged exclusively to the plaintiffs, and was of great value to them; that, in order to secure the benefit of the act of congress for the protection of trade-marks, the plaintiffs, on January 23, 1884, deposited a label exhibit A, in the Patent Office, Washington, D. C., and held a certificate of such deposit; that the defendants, intending to injure the plaintiffs and deprive them of the well-earned reputation of their picklings, had put up and sold picklings, using a label in all material respects almost identical with and copied from that of the plaintiffs, and with the intention to further injure them had imitated also the size and shape of the bottles used by the plaintiffs and the style of putting up their picklings; that the defendants knew they were imitating the plaintiffs' label, and by so doing deceived many persons into purchasing defendants' picklings, when such persons intended to purchase plaintiffs' picklings; praying for an injunction and for an account.

The defendants filed an answer denying that the label exhibited with plaintiffs' bill was original with plaintiffs, and averred that labels of a similar kind were for many years in use by others; that said label exhibit A was not deposited by the plaintiffs in the Patent Office, and certified as alleged by the plaintiffs; that there was no such similarity between the label used by defendants and that used by the plaintiffs, as was alleged by the plaintiffs, and denied all intention of imitating the plaintiffs' label and of deceiving purchasers thereby.

Issue having been joined, the cause was referred to *Mr. John H. Campbell*, as examiner, and subsequently as master.

The master reported that the plaintiffs' label exhibit A, was undoubtedly imitated by the defendants in the label exhibit B of plaintiffs' bill, to such an extent that persons who were not experts would mistake one for the other, unless close examination of the two was made, and that in causing their label B to be printed, there was no doubt that the defendants had intentionally imitated plaintiffs' label A; that plaintiffs were mis-

Statement of Facts.

taken in averring in their bill that on January 23, 1884, they deposited the label exhibit A, in the Patent Office, and received a certificate thereof, but that through some mistake a label for "Saccharized Pickles," differing materially from label exhibit A, was deposited on that date and certified, and that label exhibit A was not so deposited until after the beginning of the suit. The master further found that the plaintiffs had in use, prior to the filing of their bill, the label exhibit A, and had used the same to designate their half-pint picklings, which were known in trade circles by means in great part of said label, and that the defendants had subsequently to the introduction of said picklings adopted and used the label B, and that persons were liable to be deceived by the label B into purchasing defendants' picklings, when intending to buy plaintiffs' picklings.

Having so found as to the facts, the master, considering Sebastian on Trade-marks, 2d ed., 155, 192–4; THAYER, P. J., in Hoyt v. Hoyt, 43 Leg. Int. 151; Dixon Crucible Co. v. Guggenheim, 2 Brewst. 331; Colton v. Thomas, 2 Brewst. 311; Ferguson v. Davol Mills, 2 Brewst. 319; Sheppard v. Stuart, 7 W. N. 500; White v. Schlect, 9 W. N. 78; McLean v. Fleming, 6 Otto 245, and Palmer v. Harris, 60 Pa. 160, found, as matter of law, that the plaintiffs had such an exclusive right to their label exhibit A as would enable them to invoke the aid of a court of equity to restrain the use of an imitation thereof; that the defendants should be restrained from using label exhibit B; and that the fact that plaintiffs' label exhibit A had printed thereon the words, "Entered according to the act of congress in the Patent Office at Washington, D. C., by F. & J. Heinz, 1883," which words were untrue, did not prevent the plaintiffs from obtaining an injunction. A decree was therefore recommended that an injunction issue against the defendants restraining them from using their label exhibit B, or any other imitation of plaintiffs' label exhibit A, and from selling or vending any picklings with any such label as label exhibit B thereon, and that defendants should account to the plaintiffs for the profits on all picklings so labeled already sold by them.

To this report the defendants filed seventeen exceptions. Said exceptions having been overruled by the master, were argued before the court in banc, when a decree was entered, without opinion filed, "Exceptions dismissed, report confirmed."

### Opinion of the Court.

Thereupon the defendants took this appeal, specifying that the court erred:

1. " In dismissing the exceptions filed by the defendants to the master's report."

2. " In confirming the master's report." .

3. " In dismissing defendants' exceptions filed to the master's report, the same being as follows: . . . . . "

*Mr. Wm. Hopple, Jr.,* for the appellants.

Counsel cited: Dixon Crucible Co. v. Guggenheim, 7 Phila. 408; Phalon v. Wright, 5 Phila. 464; Palmer v. Harris, 60 Pa. 156; Cox's Man. Trade-mark Cases, 29.

*Mr. Wm. C. Gross* and *Mr. Thos. F. Gross,* for the appellees, were not heard.

PER CURIAM:

The first and third assignments do not conform to the Rules of Court. See Rule XXII. This leaves only the second assignment, which is that " the court erred in confirming the master's report." We fail to see the force of this assignment. The master has found that defendants have imitated the plaintiff's label, and that purchasers are liable to be deceived by such imitation. This finding has been approved by the court below, and it has not been shown to be error. Moreover, the copy of the labels attached to the paper-books makes the imitation patent upon mere inspection. There are, of course, as is always the case, points of difference. If they were exactly alike, there would be no question of fact to pass upon. In all the trademark cases which have come under the notice of the writer, there have been points of difference between the labels, the object of the imitation apparently being to produce as strong a general resemblance, with as many minor points of difference, —those that do not readily strike the eye,—as possible. We find no error in this record.

> The decree is affirmed, and the appeal dismissed, at the costs of the appellants.